

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

January 6, 1966

Honorable Albert W. Searcy
County Attorney
Kimble County
Junction, Texas

Opinion No. C-578

Re: May a judge, without the intervention of a jury, grant a defendant probation under the terms of the Misdemeanor Probation Law, 1966?

Dear Mr. Searcy:

You have requested an opinion of this office concerning the granting of probation under Article 42.13, Vernon's Code of Criminal Procedure of Texas, 1966. More specifically, your question is as follows:

"Does the Misdemeanor Probation Law of 1966 authorize a judge, without the intervention of a jury, upon a plea of guilty by a defendant and subsequent finding of guilty of said defendant by the court, to place said defendant on probation, or may probation be granted under this law only after a trial before a jury?"

Article 27.14, Vernon's Code of Criminal Procedure of Texas, provides, in part, as follows:

"A plea of guilty or a plea of nolo contendre in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court. . . ."

It seems clear that the Legislature has evidenced its intent that defendants in all misdemeanor cases be entitled to waive a jury and enter a plea of guilty before the court. The article just quoted, of course, does not prohibit the entering of such a plea when probation is a possible punishment.

-2787-

We then must look to Article 42.13, Section 3 which is the operative portion of the Misdemeanor Probation Law. Sections 3(a) and 3(b) of said Article are as follows:

"(a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200 may be granted probation if:

"(1) he applies in writing to the court for probation before trial;

"(2) he has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine;

"(3) he has not been granted probation nor been under probation under this Act or any other Act in the preceding five years;

"(4) he has paid all costs of his trial and so much of any fine imposed as the court directs; and

"(5) the court believes that the ends of justice and the best interests of society and of the defendant will be served by granting him probation.

"(b) If a defendant satisfies the requirements of Section 3(a) (1), (2), (3), and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. The court may, however, extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law. In the event probation is revoked in accordance with Section 6, the judgment of the court shall not prescribe any penalty in excess of that imposed by the jury."

It will be noted that Section 3 is divided into four (4) major divisions, (a), (b), (c) and (d). Divisions (a) and (b) are applicable to the question at hand. It is the opinion

of this office that Section 3(a) sets out the requirements and procedure for the granting of probation when the defendant has been found guilty of a misdemeanor by a court without the intervention of a jury. It will be noted that Section 3(a) (5) places discretion in the court for the granting of probation. Generally speaking, it simply states that the court may or may not grant probation depending on whether he believes that the ends of justice and the best interests of society and of the defendant will be served by the granting of probation. This obviously places discretion in the court.

Then Section 3(b) states that if the defendant satisfies the requirements of Section 3(a) (1), (2), (3) and (4), and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. It is felt particularly significant to note that Section 3(a) (5) is omitted from the requirements of Section 3(b). In other words, Section 3(b), when speaking of the granting of probation after a jury trial, by the omission of Section 3(a) (5) removes all discretion from the court. It is, therefore, the opinion of this office that Section 3(a) is applicable after a finding of guilty of a defendant by a court without the intervention of a jury and Section 3(b) is applicable to all jury trials in misdemeanor cases.

We are of the opinion, therefore, that a judge, without the intervention of a jury in a misdemeanor case, after a finding of guilty of a defendant who otherwise meets the requirements of the misdemeanor probation law, has the authority to place the defendant on probation.

SUMMARY

Under the Misdemeanor Probation Law of 1966, a court may, without the intervention of a jury upon a finding of guilty of a defendant in a misdemeanor case, place that defendant on probation providing that all the other requirements of the misdemeanor probation law are met.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By SAM L. KELLEY
    SAM L. KELLEY
    Assistant Attorney General

SLK/lh/br

Honorable Albert W. Search, page 4 (C-578)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Douglas Chilton
Howard M. Fender
Pat Bailey
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright